```
 1  MCGREGOR W. SCOTT
    United States Attorney
 2  RUSSELL L. CARLBERG
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, California 95814
 4  Telephone: (916) 554-2748
 5
 6
 7
```

**FILED**

DEC 0 8 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

```
 8         IN THE UNITED STATES DISTRICT COURT
 9         FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  197 Northwoods Avenue    )  Case No. 2:08-SW-0400 GGH
    Manteca, California      )
12                           )  [PROPOSED] ORDER TO
                             )  UNSEAL SEARCH WARRANT
13                           )
                             )
14  _____)
15
        Upon consideration of the attached motion of the United
16
    States of America, by Assistant U.S. Attorney Russell L.
17
    Carlberg, it is hereby
18
                            ORDERED
19
        1.  That the search warrant and supporting affidavit in the
20
    above-entitled matter be immediately unsealed.
21
22
    Date: 12-8       , 2008
23
24
25                              _____
                                EDMUND F. BRENNAN
26                              United States Magistrate Judge
27
28
```

**SEALED**

2

AO 93 (Rev. 12/03) Search Warrant

# UNITED STATES DISTRICT COURT

EASTERN District of CALIFORNIA

ORIGINAL FILED
SEP 19 2008
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

In the Matter of the Search of

(Name, address or brief description of person or property to be searched)

**197 Northwoods Avenue**
**Manteca, California**

SEARCH WARRANT

Case Number: 2 0 8 - SW - 0 4 0 0 GGH

TO: **FBI Special Agent Todd Davis** and any Authorized Officer of the United States

Affidavit(s) having been made before me by ____**Todd Davis**____ who has reason to believe
                                                  Affiant

that ☐ on the person of, or ☒ on the premises known as (name, description and/or location)

**SEE ATTACHMENT A** — SEALED

in the ____Eastern____ District of ____California____ there is now concealed a certain person or property, namely (describe the person or property)

**SEE ATTACHMENT B**

_See attached Order - search not to be executed without Order_

I am satisfied that the affidavit(s) and any record testimony establish probable cause to believe that the person or property so described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED TO search on or before ____Sept. 25, 2008____
                                                               Date

(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and making the search
☒ in the daytime -- 6:00 A.M. to 10:00 P.M. ☐ at anytime in the day or night as I find reasonable cause has been established and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for the person or property taken and prepare a written inventory of the person or property seized and promptly return this warrant to

**GREGORY G. HOLLOWS** as required by law.
U.S. Magistrate Judge (Rule 41(f)(f4))

September 15, 2008   3:12 p.m.   at   Sacramento, California
Date and Time Issued                     City and State

**GREGORY G. HOLLOWS**
**U.S. MAGISTRATE JUDGE**                GREGORY G. HOLLOWS
Name and Title of Judge                  Signature of Judge

AO 93 (Rev. 12/03) Search Warrant

| **RETURN** | Case Number: 2:08-SW-0400 | |
|---|---|---|
| DATE WARRANT RECEIVED 09/15/2008 | DATE AND TIME WARRANT EXECUTED 09/16/08, 10:02 AM | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH Helen Sotiriadis, 197 Northwoods Ave |
| INVENTORY MADE IN THE PRESENCE OF Pedro T. Aguilar, John Cauthen, Barb Williams | | |

INVENTORY OF PERSON OR PROPERTY TAKEN PURSUANT TO THE WARRANT

See Attached, FD-597 "Receipt for Property Received" consisting of three pages.

**CERTIFICATION**

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

*[signature]*

Subscribed, sworn to, and returned before me this date.

*[signature]* Signature of Judge    9/19/08 Date

ATTACHMENT A

The premises at 197 Northwoods Avenue, Manteca, California, located on the corner of McNary and Northwoods Avenue, on the west side of the street, known as Royal Mortgage Real Estate Investment, a single-story, rectangular building, with a wooden sign post in the front with the words Royal Mortgage Real Estate Investment appearing thereon, including all suites designated as suites 197 or 195 and including all rooms, dining areas, service areas, kitchens, pantries, restrooms, storage rooms, storage areas, trash areas, and trash containers located within or upon the premises.

## ATTACHMENT B
## ITEMS TO BE SEIZED

The following items are to be seized:

Any and all documents pertaining to Helen Sotiriadis (aka, Hellen Sotiriadis), Irene Sotiriadis, Wais Mohammad Mohsini, Mogeeb Weiss, Heng Rang, Miromax, Royal Mortgage Real Estate and Investment Corporation, aka Royal Mortgage Real Estate Investment, Signature Financial and WSM, including:

1. Articles of personal property tending to establish the identity of persons in control of the premises searched, including but not limited to utility bills and receipts, rent receipts, mail envelopes, identification and/or travel documents, vehicle registration and ownership information, and other items which establish personal identification.

2. Invoices, statements, receipts, contracts, agreements, Western Union and other financial wire transfer service receipts, credit card receipts, money order receipts, records/receipts reflecting payments made by and on behalf of, or received from customers and business associates, records/receipts reflecting electronic funds transfers between said entities or persons or between said entities or persons and any customer, and records/receipts tending to reflect payments made by or refunds made to customers and business associates or the expenditure of funds received from customers or business associates.

3. Address books, files and records evidencing the identity of customers, clients and associates; business correspondence, facsimile records, correspondence to/from overnight courier services, accounting ledgers and journals; work papers, customer lists, personnel records, pay records, and customer complaints against the company, and other associated companies and individuals.

4. Bank, financial institution, and investment account records, check books, statements, deposit slips, canceled checks, customer checks, cashier's checks, cash in excess of $1,000, loan records, financial statements, credit reports, records of wire transfer, treasurer's checks, keys to safe-deposit boxes, and tax returns and return information.

5. Records of corporations or business trade names used by Helen Sotiriadis, Irene Sotiriadis,

**Affidavit of Special Agent Todd Davis**
**In Support of Search Warrant**

28

Wais Mohammad Mohsini, Mogeeb Weiss, and Heng Rang.

6. Any and all documents and materials relating to the purchase or sale of real estate including loan files, title company records, mortgage applications, correspondence, escrow records and instructions, and invoices for work or credits claimed and any documents related to civil actions and claims relating to victims/investors, including:

> Roeun Khin, Channy Thorn, Savan Sun, Savath Sun, Sovann Sun, Khorn Sok, Reut Kroeung, Tha Chea, An Oeung, Peter Sok, Mary Sok, Linda Hon, Heng Rang, Leang Armstrong, Rith Lim, Sotheary Suon, Rath Rang, Savuthy You, Roum Rang, Sovuth Si, Roeuth Rang, Vibol Pen, Pheakdey Rang, Viseth Siem, and Sarie Theang.

7. Shipping documents/receipts to or from Federal Express, Airborne Express, United Parcel Service, the United States Postal Service, and opened and unopened United States Mail and/or items shipped by other courier services *related to para 6 above*

8. Any recordings of telephone conversations, employee conversations, and answering machine tapes pertaining or related to the business operations of Helen Sotiriadis, Irene Sotiriadis, Wais Mohammad Mohsini, Mogeeb Weiss, Heng Rang, RoyalMortgage Real Estate and Investment Corporation, aka Royal Mortgage Real Estate Investment, WSM Realty, Signature Financial and Miromax. *related to para 6 above*

9. The documents above include programs, applications or materials created, modified or stored in any form, including electronic or computerized data.

10. In searching for data capable of being read, stored or interpreted by a computer, law enforcement personnel executing this search warrant will employ the following procedures:

   a. Upon securing the premises, law enforcement personnel trained in searching and seizing computer data (the "computer personnel") will make an initial review of any computer equipment and storage devices to determine whether these items can be searched on-site in a reasonable amount of time and without jeopardizing the ability to preserve the data. If such material may be safely searched within a reasonable period of time, then the law enforcement personnel with computer expertise who are conducting the searches are directed to do so.

   b. If the computer personnel determine it is not practical to perform an on-site search of the data within a reasonable amount of time, then the computer

equipment and storage devices will be seized and transported to an appropriate law enforcement laboratory for review. The computer equipment and storage devices will be reviewed by appropriately trained personnel in order to extract and seize any data that falls within the list of items to be seized set forth herein.

c. In searching the data, the computer personnel may screen the data contained in the computer equipment and storage devices to view their precise contents and determine whether the data falls within the items to be seized as set forth herein. In addition, the computer personnel may search for and attempt to recover "deleted," "hidden" or encrypted data to determine whether the data falls within the list of items to be seized as set forth herein.

d. If the computer personnel determine that the data does not fall within any of the items to be seized pursuant to this warrant, the government will return these items within a reasonable period of time not to exceed 90 days from the date of seizure unless further authorization is obtained from the Court.

11. In order to search for data that is capable of being read or interpreted by a computer, law enforcement personnel will need to seize and search the following items, subject to the procedures set forth above:

a. Any computer equipment and storage device capable of being used to commit, further or store evidence of Mail Fraud and Wire Fraud in violation of Title 18 U.S.C. Sections 1341, and 1343;

b. Any computer equipment used to facilitate the transmission, creation, display, encoding or storage of data, including word processing equipment, modems, docking stations, monitors, printers, plotters, encryption devices, and optical scanners;

c. Any magnetic, electronic or optical storage device capable of storing data, such as floppy disks, hard disks, thumb drives, tapes, CD-ROMs, CD-R, CD-RWs, DVDs, optical disks, printer or memory buffers, smart cards, PC cards, memory calculators, electronic dialers, electronic notebooks, and personal digital assistants;

d. Any documentation, operating logs and reference manuals regarding the operation

of the computer equipment, storage devices or software;

e. Any applications, utility programs, compilers, interpreters, and other software used to facilitate direct or indirect communication with the computer hardware, storage devices or data to be searched;

f. Any physical keys, encryption devices, dongles and similar physical items that are necessary to gain access to the computer equipment, storage devices or data; and

g. Any passwords, password files, test keys, encryption codes or other information necessary to access the computer equipment, storage devices or data.

Order

The court anticipates that the person(s) who have computer materials (includes software)/items (computer hardware) seized as a result of this warrant have information stored on the computer items, or otherwise have planned to utilize and access such materials/items, which has no pertinence to the criminal investigation underlying the issuance of this warrant. Computer materials and items which are not needed for the criminal investigation or potential forfeiture should be returned to the person(s) from whom seized as soon as practicable.

Therefore, the Federal Bureau of Investigation (FBI) and other agencies associated with this search shall copy/download what information it needs to copy for purposes of the criminal investigation, and subject to the evidentiary requirements of the case, shall return the original or a copy of the materials seized to the affected persons. To the extent possible and permitted, all electronic copying should be performed on the premises where the computer hardware is located. Computer hardware which is not needed to be maintained by the FBI/U.S. Attorney for evidentiary purposes shall also be returned. If computer software and hardware is required to be removed from the premises, the time for return shall be within 60 days of the date of this order. Should all designated-to-be-returned material/items encompassed by this order not be able to be returned in such a time period, the U.S. Attorney shall seek from the undersigned a modification of the substance of this order or an extension of the time limitations in this order upon good cause shown.

Good cause will be evaluated in light of the cooperation of the person from whom the computer materials/information have been seized in permitting information to be copied /downloaded as well as evidentiary stipulations made with respect to chain of custody and authentication of information received. The FBI/U.S. Attorney may not use the press of its business as an excuse for not copying/downloading the computer information in a timely fashion.

If computer hardware or original software is to be indefinitely retained, the U.S. Attorney or appropriate Assistant U.S. Attorney shall file a pleading within 60 days of the seizure of the computer hardware in which he or she certifies that retention of the computer materials is necessary for evidentiary purposes of the case, or for potential forfeiture.

IT IS SO ORDERED

Sept 15, 2008

GREGORY G. HOLLOWS
Gregory G. Hollows
United States Magistrate Judge

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
Receipt for Property Received/Returned/Released/Seized

File # 3298-SC-42139

On (date) 9-16-2008 2:06pm

item(s) listed below were:
☐ Received From
☐ Returned To
☐ Released To
☒ Seized

(Name) Royal Mortgage Real Estate
(Street Address) 197 Northwoods Ave. Investment
(City) Manteca, CA.

Description of Item(s):

#1 - Room C - office, 2 folders of loan documents re: Roeun Khin & Saray Em. T.D.

#2 - Room A office, E-Mail printout 7-15-07 from Vibol Pen file folder w/2 documents inside. T.S.

#3 - Room A office, file re: civil lawsuit & Gordon Barnes. T.D.

#4 - Room F - office, Misc. documents relating to Saul Garcias escrow. K.M.

#5 - Room C - office, Apple MacBook Pro ser # W8806STSW06 w/charger + battery. J.C. [struck through]

#6 - Room C - office, Yellow file folder containing short sale documents relating to Irene Sotiriadis. M.S.

#7 - Room C - office, Yellow note w/info. re: Mr. Simmons & wamu loss mitigation. M.S.

#8 - Room C - office, 2 Red file folders containing documents from Calif. Secretary of State. M.S.

#9 - Room B - office, purple folder entitled Connecticut Deposit re: Bill Avlonitis, file folder w/ loan documents RE: Phath Chuon. J.S.

Received By: [signature] (Signature)   Received From: _____ (Signature)

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
Receipt for Property Received/Returned/Released/Seized

File # 329B-SC-42139

On (date) 9-16-2008  2:06pm   item(s) listed below were:
☐ Received From
☐ Returned To
☐ Released To
☒ Seized

(Name) Royal Mortgage Real Estate Investment
(Street Address) 197 Northwoods Ave.
(City) Manteca, CA.

Description of Item(s): #10 - Room F-office, Envelope w/ several victims listed in search warrant, City of Stockton monthly statement Acct # 0003976 33-000025 842. M.S.

#11 - Room F-office, Misc. documents to include Short Sale paperwork for Jamil Abu Ziadeh. J.K.

#12 - Room F-office, Misc. documents to include 2006 IRS Tax return for Ramin Lail. J.K.

#13 - Room E-office, Misc. loan documents to Include payoff request from WSM Realty, + loan from Helen Sotiriadis. A.L.

#14 - Room F-office, Fidelity National Title Co. file re: property located at 716 Laurel Ave. Burlingame, CA. 94010. M.S.

#15 - Room A-office, Folder entitled Chantrea Hem w/ month-to-month rental agreement paperwork. J.S.

Received By: Pedro Jemely Aguilar   Received From: _____
          (Signature)                              (Signature)

FD-597 (Rev 8-11-94)  Page 1 of 1

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
Receipt for Property Received/Returned/Released/Seized

File # 329B-SC-42139

On (date) 9-16-08

item(s) listed below were:
☐ Received From
☐ Returned To
☐ Released To
☒ Seized

(Name) Royal Mortgage Real Estate
(Street Address) 197 Northwords Ave
(City) Manteca CA  5:00 pm

Description of Item(s):

1. Computer image Room F Dell Computer (L1RFC1H0)
2. Computer image Room F Dell Computer (L1RFC2H0)
3. Computer image Room F Gateway Computer (L1RFC3B0)
4. Computer image Room A Gateway Computer (L1RAC1H0)
5. Computer image Room C Viper Computer (L1RCC2D0)
6. Computer image Room E IBM Thinkpad A31 Laptop (L1REC2D0)
6. Computer image Room C Compaq Presario PC (L1RCC1D0)
7. Cell phone data from 2 Motorola trac phones.
8. Computer image Room E Gateway Computer (L1REC1D0)

No further entries this page.

Received By: (Signature)    Received From: (Signature)